922 F.2d 837
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Waymer WILLIAMS, Defendant-Appellant.
 No. 90-5303.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 12, 1990.
Decided Jan. 9, 1991.
As Amended Jan. 23, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Orangeburg. Charles E. Simons, Jr., Senior District Judge. (CR-89-186-02)
 Cameron B. Littlejohn, Jr., Lewis, Babcock, Pleicones & Hawkins, Columbia, S.C., for appellant.
 E. Bart Daniel, United States Attorney, Robert C. Jendron, Jr., Assistant United States Attorney, Columbia, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and K.K. HALL and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant Waymer Williams, after pleading guilty to conspiracy to possess cocaine with intent to distribute and to two counts of distributing small amounts of cocaine, was sentenced to sixty months as to each count to be served concurrently. The district court, relying on Sentencing Guidelines Sec. 2D1.4 and Sec. 1B1.3 (note 1), based the sentence on a quantity of over one kilogram of cocaine. This quantity was found in a search of a house controlled by a co-conspirator--a house that Williams was observed going to in order to obtain small packets of cocaine for distribution. On appeal Williams raises the question whether the district court erred in including, for purposes of sentencing, the quantity of cocaine that was found in the stash house, when the defendant had not been in the stash house for five months and only occasionally obtained small quantities of cocaine from the house. Because the requisite amount of cocaine was reasonably foreseeable to defendant, we affirm.
 
 
 2
 * Alerted to cocaine distribution in the Orangeburg, South Carolina, area by an informer, federal and state law enforcement officials undertook an operation to purchase cocaine with the aid of the informer. One of the targets of the investigation was Eddie "Ram" Haigler. In January 1989, the informer, working with law enforcement officials, went to Haigler's home for the purpose of purchasing one ounce of cocaine. Once the purchase was arranged with Haigler, Haigler directed Williams to go get the cocaine. Williams then left Haigler's house and, under the watch of federal and state officials, went to another structure on Haigler's property. The surveillance agents observed Williams go inside this other house and leave with a small bag of white powder. Williams returned to the house and, after receiving the money, gave the informer a one-ounce bag of cocaine.
 
 
 3
 In February 1989, the story repeated itself. The informer again went to Haigler's house to purchase cocaine. The deal was negotiated with Haigler, and then Williams was directed to go get cocaine. Williams was observed going to the same structure as before, and again he left this house with a small bag of cocaine. He then gave the cocaine to the informer in exchange for money.
 
 
 4
 Williams, who was not observed, as far as this record indicates, since February 1989 in the vicinity of the stash house, was arrested in July 1989, along with a number of others, and charged with conspiracy to possess cocaine with intent to distribute and two counts of substantive distribution. After the arrest of Williams and his co-defendants, the house to which Williams went to retrieve the small bags of cocaine was searched. That search uncovered approximately one kilogram of cocaine and four additional ounces. The conspiracy charge against Haigler was superseded with an indictment charging him with possession with intent to distribute the kilo of cocaine. Williams was not charged with the kilogram.
 
 
 5
 Williams pled guilty to all three counts (conspiracy plus two distribution charges). However, he objected to inclusion of the kilogram of cocaine in his sentencing. The district court ruled that since Williams had pled guilty to participation in the conspiracy to distribute cocaine and had not terminated his participation in the conspiracy, which ran up to the time of arrest, then those drugs were reasonably foreseeable by Williams and should be included in his sentencing. See Sentencing Guidelines Sec. 2D1.4; see also id. Sec. 1B1.3 (note 1). On this appeal, Williams challenges the district court's decision as clearly erroneous.
 
 II
 
 6
 Under the Sentencing Guidelines, a defendant convicted of conspiracy should be sentenced at the offense level for conduct for which he "would otherwise be accountable," and that is expressly provided to include "conduct of others ... that was reasonably foreseeable by the defendant." Id. Hence, the question here is whether the existence of a kilogram of cocaine kept in a stash house was reasonably foreseeable by someone who actually went to that house to retrieve small quantities of cocaine. The district court found that it was reasonably foreseeable, and we review that finding of fact under the clearly erroneous standard. United States v. Vinson, 886 F.2d 740 (4th Cir.1989).
 
 
 7
 We hold that it is a permissible inference by a district court that a runner who goes to a stash house to recover small quantities of a drug in furtherance of a conspiracy should reasonably foresee (if not actually know) that larger quantities of the drug would be stashed there from time to time. This holding follows from common sense. Williams knew that the amounts he was sent to retrieve were always present. It was therefore foreseeable that amounts larger than that which defendant retrieved would be there over the life of the ongoing conspiracy. Cf. United States v. Roberts, 881 F.2d 95 (4th Cir.1989) (defendant, who conspired to possess truckload of drug, sentenced for whole truck even though arrested before taking actual possession of any drugs); Vinson, supra (sentence based on total amount of cocaine sold during life of conspiracy, not just defendant's portion).
 
 
 8
 Williams argues most strenuously against inclusion of the kilogram on the basis that he was last in the stash house in February and the kilogram was found in July. That argument, however, simply goes to the reasonable foreseeability of drugs being found in the house. Williams was a member of an ongoing conspiracy, a conspiracy which continued in July to use the stash house which he knew about in February. He did nothing to extricate himself from the conspiracy. If one who is involved in a drug conspiracy knows that a house is being used to store drugs for distribution, it is reasonably foreseeable that six months later, while the conspiracy is still in operation, the house will contain a kilogram of cocaine.
 
 III
 
 9
 In conclusion, we hold that defendant's appeal of his sentence is without merit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. The district court was not clearly erroneous in its sentencing of defendant, and its judgment should be affirmed.
 
 
 10
 AFFIRMED.